UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

HUMBERTO GUZMAN, ELBA GONZALEZ,
ALBERTO GUZMAN                                                    COMPLAINT
                                                                     AND
                             Plaintiffs,                JURY DEMAND

     -against-

PATERSON, PATERSON POLICE DEPARTMENT,        Civ. No. _____
POLICE OFFICER YAMIL PIMIENTA, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY, POLICE OFFICER HOMMY
CRUZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
POLICE OFFICER ALBERTO SANABRIA, INDIVIDUALLY
AND IN HIS INDIVIDUAL CAPACITY, POLICE OFFICERS
JOHN AND JANE DOES 1-10., INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES     Defendants.

-------------------------------------------------------------------X

       Plaintiffs Humberto Guzman, Elba Gonzalez, and Alberto Guzman, by, their attorneys,

assert the following complaint against the Defendants:

## **NATURE OF THE ACTION**

1. Plaintiffs Humberto Guzman, his wife, Elba Gonzalez, and his son Alberto Guzman bring

   this action for compensatory damages, punitive damages and attorney's fees pursuant to

   42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their state, statutory, and civil

   rights, as said rights are secured by said statutes and the Constitutions of the State of New

   Jersey, and the United States, as well as New Jersey common and law and New Jersey

   Civil rights Act.

## **JURISDICTION AND VENUE**

2. Venue is proper and the Court has jurisdiction over this action because Plaintiffs reside in

   Passaic County, the actions giving rise to the complaint occurred in Paterson New Jersey.

## THE PARTIES

3.  That at all times herein mentioned, Plaintiffs, were and still are residents of Passaic County, New Jersey.

4.  Defendants City of Paterson and Paterson Police Department are New Jersey municipalities duly organized and existing under and by virtue of the laws of the State of New Jersey.

5.  Defendant City of Paterson ("Paterson" or "City") maintains the Paterson Police Department ("PPD") a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New Jersey law,  acting under the direction and supervision of the aforementioned municipality, City of Paterson.

6.  That at all times hereinafter mentioned, the individual Defendants Police Officers Yamil Pimienta, Hommy Cruz, and Alberto Sanabria, and Police Officers John Does 1-10, (hereinafter collectively referred to as "Officers" and/or "Defendants") were duly sworn Police Officers of PPD and City of Paterson,  and were acting under the supervision of said department and according to their official duties, and were acting within the scope of their authority. All officers are served in their individual and official capacities.

7.  That at all times relevant to this action, the Defendants were acting under color of State law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of Paterson.

8.  That at all times relevant to this action, Defendants Police Officers are/were police officers and employees of the Paterson and PPD, and at all relevant times participated in

the below conduct and are being sued in their individual and official capacities, and were acting in their individuals and official capacities.

9.  Throughout the incidents complained of herein, Defendant officers were acting as agents, employees, and officers of Paterson and PPD.

10. Defendant Police Officers John Does 1-10 are employees of Defendant Paterson and/or PPD, were involved in the actions complained of herein whose identities are not yet known.

11. Plaintiffs served a notice of tort claim and have complied with all requirements to assert their claims.

### Facts

12. On or about August 26, 2019, Alberto Guzman was lawfully in front of his home eating a sandwich when a Paterson Police Officer, believed to be Defendant Cruz, was driving by.

13. Alberto was breaking no laws.

14. For reasons unbeknownst to Plaintiffs, the Police Officer began to question Alberto.

15. After answering the questions, despite having no legal obligation to do so, the Officer told Alberto to go inside his home.

16. Alberto questioned this unlawful demand.

17. Trying to avoid a conflict, Alberto entered the gated front porch area of his home, and went up the stairs to his front door.

18. The Police Officer then entered the gated area of the home, went up the stairs, and grabbed Alberto by the head and pushed him against the wall.

19. The Police Officer then used OC spray upon Alberto, causing him to choke and suffer the dangerous effects of OC spray.

20. The Police office then threw Alberto to the ground and began to assault him.

21. Alberto began yelling for his family from the front of his doorstep.

22. Alberto's mother and father, Humberto and Elba, appeared at the door, and observed the Police officer on top of this son, striking him.

23.  Alberto was not doing anything to provoke the assault by the Police Officer.

24. Upon seeing their son being beaten by the Police Officer, Humberto told the Police Officer to stop.

25. Without warning or any justification, the Police Officer struck Humberto in the head with a flashlight, causing a huge gash that began to bleed profusely and required stitches to close.

26. The Defendant officers then entered the home, assaulted Humberto and Elba by striking them, throwing them into a wall, and slamming them into the ground.

27. The Defendant Officers had no right to enter the home or use force against any of the Plaintiffs.

28. The Defendant Officers entered the home to assault Alberto's parents and arrest them without a warrant or any justification for doing so.

29. Other officers at the scene, including the Defendant Officers, began to strike Alberto, Humberto, and Elba.

30. The Defendant Officers then grabbed Elba, threw her into a wall, injuring her shoulder, head, and arm, and then placed her under arrest for no legitimate reason.

31. Humberto also sustained injuries to his arm, neck and shoulder, as well as permanent disfigurement in his face where the Defendant Officers struck him with the flashlight.

32. Alberto was also bruised, battered, and subject to OC spray that irritated his eyes and

prevented him from breathing. He was struck multiple time about his body.

33. Each of the Defendant Office struck the Plaintiffs and used unjustified physical force against them.

34. None of the Officers had any justification for using force, and certainly had no probable cause to arrest any of the Plaintiffs.

35. Thereafter, Defendants conspired to cover up their unlawful actions by falsely arresting the Plaintiffs and charging them with charges the Defendants knew were false.

36. The Defendants had no justification for using force or arresting and seizing Plaintiffs.

37. The false charges leveled against Plaintiffs were ultimately dismissed.

38. Each of the Plaintiffs suffered significant physical and emotional injuries as a result of the Defendants' unlawful conduct.

39. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## Count I
### Unlawful Imprisonment/False Arrest/Unlawful Search and Seizure
### Pursuant to Federal and State Law

40. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

41. Without any probable cause or legal justification, Defendants unlawfully searched, including unlawful entry into their home, seized, stopped, and arrested Plaintiffs.

42. Plaintiffs were conscious of their arrest, detainment and confinement, and at no point consented to it.

43. Moreover, the Defendant Officer unlawfully entered the Plaintiffs' home without a warrant or any other legal justification, and unlawfully arrested Plaintiffs.

44. As a result of Defendants' conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

45. Plaintiffs were unlawfully seized under the Fourth Amendment and under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that Defendants illegally searched, falsely arrested, detained, seized Plaintiff by savagely beat them.

46. Nor was it reasonable or justified for the Defendants to enter Plaintiffs' home and arrest Plaintiffs, or use force against them.

47. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**Count II**
**Excessive Force**
**Pursuant to Federal and State Law**

48. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

49. Defendant Police Officers at all times relevant, were duly appointed, and acting agents and officers of the City of Paterson and the PPD.

50. Plaintiffs were unnecessarily and violently punched and struck multiple times by Defendants, including being struck with weapons, punch, kicked, and thrown into the ground, walls, and into doors.

51. The Plaintiffs were unnecessarily subject to OC spray, slammed to the ground, dragged across the floor, and violently slammed into the metal gates, walls, and doors.

52. Plaintiffs suffered physical and emotional damages including but not limited to pain, bruising, abrasions, severe injury of the arm, neck and head, trauma to eyes and face, deeps cuts and bruises as a result of the actions of Defendants.

53. The use of force was unwarranted, excessive, and not at all proper or appropriate. At no point did any of the Plaintiffs violate any law, resist arrest, or in any way warrant any use of force.

54. Defendants intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiffs, thereby depriving Plaintiffs of their right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the Law of the State of New Jersey including, but not limited to, the New Jersey Civil Rights Act.

55. As a result of the above conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

56. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## Count III
### Assault/Battery/Negligence

57. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

58. Defendant Police Officers committed an assault and battery against Plaintiffs by striking them about the head and body, using OC spray against them, slamming them to the ground, punching and striking Plaintiffs, and throwing them on the ground and into walls.

59. Defendant Officers' actions were not privileged or consented to. They placed Plaintiffs in imminent apprehension and fear of being struck and unwanted physical contact and force, which the Defendant officers employed against Plaintiffs.

60. The Defendant Officers were acting within the scope of their authority as Paterson Police officers, to further the benefit of their employer and within the scope of employment.

61. The Defendants had a duty to not use force upon the Plaintiffs. They violated that duty by using force against Plaintiffs, causing them to suffer permanent psychological and physical injuries.

62. Even assuming, arguendo, that the Defendant Officers were required to use force, they were not permitted to use the force they employed as described herein.

63. Defendants were negligent in how they handled Plaintiffs and in the performance of their job function while acting within the scope of their employment.

64. The Defendants subjected the Plaintiffs to such deprivations, either in a malicious or reckless disregard of the Plaintiffs' rights or with deliberate indifference to those rights used guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution as well as the New Jersey State Constitution, the NJCRA, and common law.

8

65. Defendants were negligent in how they treated the Plaintiffs. Defendant Police Officers committed these acts without legal justification or consent of the Plaintiffs.

66. As a result of the above impermissible conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within his community.

**Count IV**
**Violation of First Amendment and Retaliation**
**State and Federal Law**

67. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

68. Defendants retaliated against Plaintiffs for exercising their right to freedom of speech.

69. Defendants retaliated against Plaintiffs for objecting to their unlawful conduct and unlawful orders.

70. Indeed, Humberto and Elba were struck, assaulted, subject to excessive force, and falsely arrested because they objected to how their son was being brutalized by the Defendant officers and the PPD. Plaintiffs were subject to retaliation for speaking out regarding the brutalization of Alberto and the unlawful conduct of Defendants.

71. Plaintiffs were subject to threats, coercion, and physical harm as a result of exercising their right to freedom of speech.

72. As a result of the above constitutionally impermissible/unlawful conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

9

## Count V
### *Monell*/NJCRA Liability/Municipal Liability

73. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

74. At all relevant times, Defendants, Paterson and Paterson Police Department, were the employer of the individual Defendants and the individual Defendants were acting as their agents, servants and employees.

75. Paterson and Paterson Police Department failed to use reasonable care in the selection of its employees, and/or servants, failed to properly train and/or supervise the individual Defendants, and failed to provide the appropriate safeguards to prevent the assault, use of excessive force, unlawful search and entry into the home, false arrest, improper detention and imprisonment, malicious prosecution and violation of the rights of Plaintiff.

76. For example, Paterson and Paterson Police Department, including its chief of police/police director, failed to train the officers in this case in probable cause as they accosted and stopped Plaintiff Alberto without legal justification to do so.

77. Indeed, the Defendant officer had no authority or legal justification to force Alberto to leave the public sidewalk, or enter his home.

78. By way of further example, Paterson and Paterson Police Department, including its police chief/police director, failed to train its officers in use of force so as to prevent the Defendant officers from assaulting Plaintiffs and applying excessive force against the Plaintiffs.

79. They also failed to train their officers to not assault civilians, use excessive force, or arrest them without justification. Indeed, officers at Paterson use force at an alarming rate, and are amongst the departments that use the most force in the State. It is clear that

there is a need for training and supervision regarding the use of force, and that there is deliberate indifference to the use of same.

80. Paterson failed to train its officer in the law regarding public spaces, and that it is unlawful for them to have forced Alberto into his home. Moreover, Paterson failed to train its officers that the force used against Elba and Humberto is excessive and unlawful, and that no force should have been used against them simply for objecting to the brutality with which the Defendant officers were handling their son. Moreover, Defendants failed to train the Defendant officers in probable cause, warrantless searches, and unlawful arrests.

81. Paterson and Paterson Police Department, including its police chief/police director, failed to teach their officers that even if Plaintiffs were suspects of some crime, they are not permitted to assault/use force upon that individual, and if they see other officers engaged in misconduct, they must intervene to prevent it. In this case, as in the case of Defendant officers' past use of force and employment of excessive force, there was no need to use any force, even if Plaintiffs were suspected of committing a crime, which they were not.

82. Paterson and Paterson Police Department, including its Police Chief and Director, thus created a tacit policy and custom of permitting the Defendant officers' actions to continue with their imprimatur and approval, with the natural result being the violation of Plaintiffs' rights.

83. Paterson, Paterson Police Department, and its Police Chief's failure to train its officer in the use of force, requirement to intervene in unlawful use of force and false arrests, and in probable cause were the proximate cause of Plaintiff's injuries as Plaintiff's injuries were caused by the unlawful use of force by the Defendant Officers, and unlawful arrest

11

pursuant to the deficient training provided by Paterson, Paterson Police Department, and its Chief of Police.

84. Paterson Police Department, and its Police Chief and Police Director, knew that its officers continually misuse force and employ excessive force, make unlawful arrests and warrantless entries into homes, as well as making arrests without probable cause, particularly the Defendant officers, and that there is an obvious need to properly train its officers in use of force, arrest, search and seizure, and in the Fourth Amendment probable cause.

85. Paterson Police Department, and its Police Chief and Police Director, were aware, or should have been aware, of the shockingly high number of incidents involving force and excessive force by its officers, and in particular the Defendants named herein, but took no action to rectify the obviously deficient training and supervision.

86. What is more, Defendants Paterson and Paterson Police Department failed to monitor, supervise, and discipline its officers, including the Defendant Officers, such that they were deliberately indifferent to the rights of Plaintiff and such failures constitute a custom, policy, and procedure that directly caused the violation of Plaintiff's rights as described herein.

87. Defendants Paterson and Paterson Police Department do not investigate Internal Affairs Complaints.

88. Defendants Paterson and Paterson Police Department purport to investigate IA complaints, but in reality, conduct sham investigations that are aimed at covering up police misconduct.

89. Defendant Paterson and Paterson Police Department's failure to meaningfully investigate use of force, IA complaints, and unlawful arrests is further evidenced by the significantly low rates of sustained IA complaints.

90. Rather than properly adjudicate IA investigations, and meaningfully investigate IA complaints, Defendant Paterson and Paterson Police Department skew the investigation in favor of the officer so that the complaint is either not-sustained due to alleged equipoise in evidence, or incapable of being adjudicated against the officer.

91. The deficient investigations also include not retaining evidence relevant to IA investigations (such as video), not speaking to relevant witnesses, failing to interview complainants, not interviewing officers subject to IA complaints, giving officers an opportunity to change their stories so as to escape liability, misclassifying IA complaints so that they are not investigated, crediting an officer's version of events simply because he/she is an officer, discounting eyewitness testimony in favor of officers, and simply not investigating all IA complaints.

92. Defendants Paterson and Paterson Police Department fail to investigate IA complaints, and maintain IA records, policies, and procedures as required by the New Jersey Attorney General's guidelines.

93. Paterson and Paterson Police Department maintained a policy whereby they failed to investigate Internal Affairs complaints thereby creating a policy and custom whereby officers felt that they could violate the rights of citizens with impunity. These Officers, including the Defendant Officers, know that IA will never hold them accountable, thereby encouraging the unlawful conduct visited upon Plaintiffs.

94. Several officers at the Paterson Police Department have been arrested and charged with crimes as a result of Paterson's failure to maintain a legitimate IA department that monitors, investigates, and supervises its officers. This failure encourages officers, such as the Defendants, to violate the rights of citizens.

95. Indeed, Plaintiffs filed an internal affairs complaint as a result of this incident and has not received any correspondence from Internal Affairs about the status of the investigation, if any. This is consistent with Paterson's policy of not investigating IA complaints, as it has done in other cases.

96. It is clear that the Paterson Police Department failed to investigate the internal affairs complaint of the Plaintiff, as it fails to meaningfully investigate IA complaints generally.

97. Paterson Police Department has a long and well documented history of failing to meaningfully investigate misconduct and to hold its Police Officers accountable. See Colon v. City of Paterson, No. CIV. 12-1653 WJM, 2014 WL 4441503 (D.N.J. Sept. 9, 2014).

98. In Colon, as in the facts in this matter, the Court found that there was evidence that Paterson had a policy, practice, or custom of failing to investigate complaints about the excessive use of force. Colon v City of Paterson, 2014 WL 4441503, at *7.

99. Since Colon, nothing has changed and Paterson has continued its policy, practice, and custom of failing to investigate IA complaints, being deliberately indifferent to the rights of its citizens, including Plaintiffs, and thereby not only making it likely, but guaranteeing that the use of excessive force continues.

100.    Despite the obvious need to correctly train its officers in use of force and unlawful arrests, Defendants Paterson, Paterson Police Department, and their Police Chief, have

taken no steps to rectify the deficient training, IA process, use of excessive force, and incidents of false arrest.

101.     Indeed, there are numerous cases in this District that have been filed regarding the unlawful pattern and practice of Paterson.

102.     This includes sham IA investigations, if any is done at all, that are aimed at insulating an offending officer rather than holding that officer accountable and preventing such conduct from occurring.

103.     Additionally, Paterson Police Department has had many officers arrested by Federal Authorities in the recent past for committing crimes in their official capacity, such as use of excessive force, planting narcotics on individuals, and the violation of citizen's rights, including false arrests and use of excessive force. This fact reaffirms the lack of training, supervision, and monitoring at the Paterson Police Department, and the natural and predictable consequences of same.  The violation of Plaintiff's rights as described herein are also an expected and natural consequence of Paterson's failure to train, monitor, and supervise its officers.

104.     This continuous arrest of officers, high statistics involving the use of force, high IA complaints, lack of sustained IA complaints, failing to train officers in use of force and arrest, and maintaining a deficient IA department in violation of the Attorney General's Guidelines, points to the overall lack of proper supervision and training at Paterson police Department. It also establishes that officers, such as the Defendant officers, know that they will not be held accountable by Paterson and they continue to act with impunity to violate the rights of citizens by using excessive force and making unlawful arrests.

105.     Furthermore, Defendants Paterson, Paterson Police Department, and its Chief of
Police and policy makers knew that the Defendant Officers named herein needed training,
supervision, and monitoring, but they failed to do so.

106.     In the years leading up to the violation of Plaintiff's Rights, upon information and
belief, Defendant Officers named herein have lengthy use of force records, in addition to
numerous IA complaints for excessive force and unlawful arrest.

107.     The Paterson Police Chief and its Police director knew, or should have known, of
Defendant Officers' high uses of force, excessive force, lawsuit history, and IA history as
it is their responsibility to review these statistics and review the actions of their Officers.

108.     In light of the foregoing, Paterson and its policy makers were required to provide
additional training and supervision for the Defendant Officers. If they did, the Defendant
Officers would either not be on the streets or be subject to supervision so as to prevent
the violation of the rights of citizens. In either event, the violation of Plaintiff's rights
could have been prevented but for the Defendant's deliberate indifference to the obvious
risk posed by the Defendant Officers.

109.     If Paterson and its police chief claims to not be aware of the astonishing high use
of force by its Officers, including the Defendant Officers, it is only because they were
willfully blind to an obvious and easily discernible problematic officer.

110.     Moreover, the Attorney General's Guidelines requires that an officer such as the
Defendant Officers be identified, monitored, and provided additional supervision and
training from his superiors, including the Police Chief and Police Director.

111.     Furthermore, upon information and belief, Paterson Police Policies also require
that an officer with the history of the Defendant Officers be identified and brought to the

attention of the Paterson police chief for intervention.  Instead, the Defendant Officers were permitted to perpetuate their unlawful conduct unabated and encouraged by the lack of supervision such that they violently and without apprehension used unlawful force and arrest upon Plaintiffs, and violating their rights.

112.     Paterson, its Police Chief, and Police Director knew or should have known that the Defendant Officers required additional supervision and training to prevent the violation of the First, Fourth, and Fourteenth Amendments as they violated Plaintiff's Fourth Amendment Rights herein.

113.     Furthermore, upon information and belief, their previous unlawful uses of force were similar to the one use against Plaintiffs, including using unlawful/excessive force, and then arresting the civilian in order to cover up the unlawful conduct. This pattern and practice is well known to Defendant Paterson, Paterson Police Department, its chief of police/police director. They failed to take any meaningful action to remedy those issues, thereby ratifying and condoning it as a custom, policy, and practice, and encouraging Defendant Officers and other officers to continue their unlawful conduct.

114.     The prior uses of force were without lawful justification, such as the one employed by the Defendants against Plaintiffs. Moreover, Defendants have previously engaged in false arrest, i.e. arrests without probable cause, and have likely done so to cover up their unlawful actions as they have done with the Plaintiffs here.

115.     Defendants Paterson and Paterson Police Department, including its chief of police/police director, knew of the aforementioned conduct and failed to inhibit it or take any meaningful action, such that it caused the same to happen to Plaintiffs.

116.    These complaints and uses of force were not meaningfully investigated by Defendants Paterson and Paterson Police Department. Defendant Officers remain on the force without any supervision, additional training, or monitoring.

117.    Moreover, despite knowing that the Defendant Officers have displayed propensity to violate the rights of citizens, employ excessive force and use force at an alarming rate, they were not investigated by IA, provided any additional training, or assigned supervision.

118.    The failure of Defendants Paterson and Paterson Police Department violated the New Jersey Attorney General's guidelines requiring intervention, supervision, and monitoring, of such an obviously problematic officer.

119.    Defendants Paterson and Paterson Police Department instead turned a blind eye to the Defendant Officers' conduct, and permitted them to continue to roam the streets without any additional supervision or monitoring, knowing and deliberately indifferent to the fact that they would continue his pattern of violating the rights of citizens by employing unlawful force and making arrests without probable cause, to cover up their unlawful actions, as they did with Plaintiffs.

120.    Indeed, upon information and belief, all of the Defendant officers were subject to several civilian complaints and used excessive force, but said complaints and incidents of force were never meaningfully investigated and the Defendant officers were not disciplined, assigned any supervision, and no steps were taken by Defendants Paterson, Paterson Police Department, and its Chief to stem the clear pattern and propensity of the Defendant officers to violate the rights of citizens.

121.     This deliberate indifference by Defendants Paterson and Paterson Police
Department caused the Plaintiffs to suffer the violation of their rights as complained of
herein.

122.     Indeed, had the Defendant officers been properly trained, supervised, disciplined,
monitored, and their unlawful conduct interdicted, they would not have been able to
perpetrate the conduct described herein.

123.     Paterson and Paterson Police Department and its Officers acted under color of law
pursuant to an official policy or custom and practice of Paterson and Paterson Police
Department whereby false arrest, unlawful searches, seizures, entry into Plaintiffs' home,
and the use of excessive for was permitted, tolerated, and condoned, in addition to false
arrests and making arrests and seizures without probable cause, and intentionally,
knowingly, recklessly or with deliberate indifference failed to properly and adequately
control and discipline on a continuing basis its employees, agents and/or servants and/or
otherwise failed to prevent the individual Defendants from unlawfully and maliciously
conducting, permitting or allowing the false arrest, malicious prosecution and/or use of
excessive force upon Plaintiffs in violation of the rights, privileges and immunities
guaranteed to Plaintiffs by the Constitution and laws of the United States and/or New
Jersey.

124.     Paterson and Paterson Police Department had knowledge of, or had it diligently
and reasonably exercised its duties to instruct, supervise, control and discipline its
employees, agents and/or servants, would have had knowledge of the wrongful acts
and/or omissions identified above and intentionally, knowingly or with deliberate

indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

125.     Paterson and Paterson Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendants.

126.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs were humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to their great detriment.

**Count VI**
**Failure to Intervene**
**Pursuant to Federal and State Law**

127. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

128. The Defendant Police Officers had an affirmative duty to intervene on Plaintiffs' behalf to prevent the violation of their constitutional and other rights.

129. The individual Defendants failed to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights despite having had an opportunity to do so.

130. Instead Police Officers contributed to said violations by watching them and participating in same, and then participating in the unlawful arrest to cover up these unlawful actions.

131. The individual Defendants failed to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights.

132. Each of the Defendant officers engaged in the use of excessive force and assault of the Plaintiffs.

133. While each Defendant officer was engaged in the aforementioned actions, the others

failed to intervene to prevent the use of excessive force, unlawful arrest, and retaliation.

134. The Defendant officers watched as Plaintiffs were falsely imprisoned and subject to excessive force.

135. Each of the Defendants had an opportunity to intervene as the false imprisonment and use of excessive force was being deployed in front of them and within their immediate area.

136. Rather than intervene to stop the use of excessive force, and other violations of Plaintiffs' rights, as the law mandates they do, the Defendant officers did nothing and then attempted to cover up the unlawful use of force.

137. As a result of the above unlawful conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

138. As a result of Defendants' conduct and inactions, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## Count VII
### Negligent and Intentional Infliction of Emotional Distress

139. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

140. The aforementioned conduct of all Defendants was extreme and outrageous, and exceeded all reasonable bounds of decency.

141. Indeed, there was no justification for the vicious use of force, arrest of Plaintiffs, and the unlawful arrest, search, and entry of their home. Moreover, using OC spray upon Plaintiffs, punching and striking them, throwing them into walls, and hitting Humberto in

the head with a flashlight causing a gash was traumatic, and caused significant emotional distress to Plaintiffs.

142. The Plaintiffs had to watched the Defendants beat their family members, and they were being assaulted themselves, and restrained in the process.

143. Nor was there a need to brutalize Alberto while his parents watched in horror.

144. These actions were further compounded by the unlawful arrest of Plaintiffs.

145. Moreover, the aforementioned conduct was committed by employees, servants and/or agents of Defendant Paterson while acting within the scope of their employment and in furtherance of their employment.

146. The aforementioned conduct was unnecessary, intentional and done for the sole purpose of causing severe emotional distress to Plaintiffs.

147. The aforementioned conduct was negligent and caused severe emotional distress to Plaintiffs.

148. Through their unlawful and negligent actions, as more fully described above, the Defendant officers intentionally and/or negligently inflicted emotional distress upon the Plaintiffs.

149. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

150. As a result of the above constitutionally impermissible/unlawful conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

151. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## Count VIII
### Negligent Hiring, Supervision, Retention, and Respondent Superior

152. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

153. Upon information and belief, Defendants failed to use reasonable care in the hiring and retention of the employees who caused Plaintiffs to be physically, mentally and emotionally damaged.

154. Defendants knew, or should have known in the exercise of reasonable care and supervision of their employees, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

155. Upon information and belief, each defendant Officer has a history of IA complaints, use of force, and lawsuits that not only placed Paterson on notice of these officers' propensity, but required Paterson to take action to inhibit this conduct and prevent it from happening, which Paterson failed to do.

156. Defendants Paterson and PPD grossly failed to train and adequately supervise its Officers so as to prevent the assault, battery, negligence, and other violations of rights as described above.

157. Paterson and PPD were negligent by failing to implement a policy with its officers to prevent them from perpetrating the above described conduct.

158. Paterson and PPD are negligent due to their failure to implement a policy with its ranks, or actively enforce the law, supervise and monitor its officers so as to detect and deter

unlawful conduct, and train its officers and personnel about it.

159. Additionally, Paterson and PPD are responsible for the actions of their employees, the Defendants officers, as they were acting within the scope of their employment, with the authority of the Paterson, and its furtherance of their goals, polices, and procedures.

160. Defendant Paterson and PPD are responsible for Plaintiffs' claims and damages pursuant to Respondent Superior.

161. The foregoing acts, omissions and systematic failures are customs and policies of Paterson and PPD which caused Defendant officers to perpetrate and assault and battery against Plaintiffs.

162. As a result of the conduct of Defendants, Plaintiffs sustained severe emotional distress, physical injury, embarrassment, and humiliation, deprivation of their Constitutional, State, and common law rights, and special damages.

163. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

## Count IX
### Negligent Training Supervision

164. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

165. Defendants were not trained in use of force, unlawful arrest, as well as unlawful warrantless searches and seizures.

166. Upon information and belief, Defendants failed to use reasonable care in the training and supervision of the aforesaid employees who caused Plaintiffs to be harmed.

167. Defendants Paterson and PPD was negligent in that prior to and at the time of the acts

24

complained herein, due to the prior history of Defendant Officers, knew or should have known the bad disposition of said officers and Defendants had knowledge of facts that would put a reasonably prudent employer on inquiry concerning their bad disposition and the fact that the Defendant Officers were not suitable to be hired and employed by the Paterson and PPD, and that due to their lack of training, Defendant Officers should have had adequate supervision so that they would not perpetrate the actions described above. Thus, Paterson and PPD is liable for the negligent hiring and supervision, failure to train, and Respondent Superior.

168. As a result of the conduct of Defendants, Plaintiffs severe emotional distress, physical injury, embarrassment, and humiliation, deprivation of their constitutional rights, and special damages.

169. As a result of the above impermissible conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

170. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

### Count X
### Conspiracy

171.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

172.    The Defendants agreed explicitly and through their actions that they would violate the rights of Plaintiffs by falsely arresting them, using excessive force, and unlawfully searching and seizing them

173.    The acts mentioned herein could not be accomplished without the assistance and agreement of the Defendant officers.

174.    Defendants conspired to violate the rights of Plaintiffs, and to cover it up.

175.    Defendants assisted each other in the violation of Plaintiffs' Rights, and then filed false police reports to justify the unlawful use of force, arrest, and violation of Plaintiffs' rights.

176. As a result of the above constitutionally impermissible/unlawful conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

177. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

**Count XI**
**Malicious Prosecution**
**Federal and State Law**

178.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

179.    Defendants caused Plaintiffs to be prosecuted without probable cause and simply in an effort to cover up their unlawful actions.

180.    The charges against Plaintiffs were dismissed and thus resolved in their favor.

181.     Plaintiffs suffered loss of freedom, emotional distress, and out of pocket expenses, including but not limited to attorneys fees, as a result of the malicious prosecution.

182. As a result of the above constitutionally impermissible/unlawful conduct, Plaintiffs were caused to suffer personal and physical injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

183. As a result of Defendants' conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial including compensatory and punitive damages along with costs and attorney's fees.

184. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

## RELIEF REQUESTED

**WHEREFORE**, and in light of the foregoing, it is respectfully requested that the Court:

A.  Empanel a jury;

B.  Award appropriate compensatory and punitive damages (where available by law) in an amount to be determined at trial for each cause of action stated herein including, without limitation, damages to physical well-being, emotional and psychological damages and past and future economic losses;

C.  Award Plaintiff attorney's fees and costs and pre-judgment interest;

D.  All relief provided by 42 USC 1983 and NJCRA

E.  Direct Defendants Paterson and PPD implement policies, procedures, and actions to prevent the foregoing conduct from occurring, including the protection of victims who

come forward, prohibiting retaliation, and actually supervising and disciplining of officers, and

F. Award Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful practices.

JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

DESIGNATION OF TRIAL COUNSEL

Aymen A. Aboushi, Esq. and Joel S. Silberman, Esq. are hereby designated as trial counsel.

CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

Dated: May 26, 2020                                 Respectfully submitted,

By:    s/ Joel Silberman, Esq.              s/Aymen A. Aboushi, Esq.
       Joel Silberman, Esq.                 Aymen A. Aboushi, Esq.
       The Law Offices of Joel S. Silberman The Aboushi Law Firm
       549 Summit Avenue                    1441 Broadway, 5th Floor
       Jersey City, NJ 07306                New York, NY 10018
       Tel. (201) 420-1913                  Tel. (212) 391-8500
       Fax. (201) 420-1914                  Fax. (212) 391-8508
       Email joel@joelsilbermanlaw.com      Email: Aymen@Aboushi.com